and *absent extraordinary circumstances, no further extension of time will be granted in this case.*

No. 13–0095/AR. U.S. v. Jeffrey W. Swartz. CCA 20091041. Appellant's *second* motion to extend time to file the supplement to the petition for grant of review granted, *up to and including December 5 , 2012, absent extraordinary circumstances, no further extension of time will be granted in this case.*

No. 13–0127/MC. U.S. v. Preston D. Walker. CCA 201100463. Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0128/AR. U.S. v. Luis R. Hernandez, II. CCA 20110105. Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0129/NA. U.S. v. Marcus R. Smith. CCA 201100433. Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0131/AR. U.S. v. Evan R. Brown. CCA 20100022. Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–8006/AF. Patrick Carter, Petitioner v. The United States, United States Air Force Court of Criminal Appeals, and Commander, United States Naval Consolidated Brig, Miramar, California, Respondents. On consideration of the petition for extraordinary relief in the nature of a writ of habeas corpus, and Respondents' motion to submit documents, it is ordered that said motion to submit documents is hereby denied, and the United States Air Force Court of Criminal Appeals shall either decide the case within 45 days or provide this Court with an explanation of the need for further consideration.

No. 12–0693/AR. U.S. v. Bradley O. Temple. CCA 20090883. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we note that in discussing the sufficiency of the evidence as to the rape conviction, the Army Court of Criminal Appeals commented that "we are hesitant to substitute our judgment for that of the panel members who heard and saw the testimony of the witnesses. We are even less likely to do so where there is other evidence such as the appellant's own incriminating statements, medical testimony, and scientific evidence which corroborates the victim's testimony." One might reasonably read the entire passage on evidentiary sufficiency and conclude that, taken as a whole, the reference to hesitating to substitute judgment for that of the members is nothing more than a recognition "that the trial court saw and heard the witnesses." Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 966(c) (2006). However, one might also reasonably question whether the Army Court of Criminal Appeals clearly understood that it could not defer to the members but was obliged to give a new, fresh look at the testimony, particularly where there

were conflicts in the testimony. Accordingly, it is ordered that said petition is hereby granted on the following issue:

WHETHER THE ARMY COURT FAILED IN FULFILLING ITS STATUTORY DUTY PURSUANT TO ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE, WHEN IT FAILED TO INDEPENDENTLY WEIGH THE EVIDENCE AS REQUIRED BY THAT ARTICLE.

The record is returned to the Judge Advocate General of the Army for remand to the Army Court of Criminal Appeals to clarify whether a proper Article 66(c), UCMJ, review was conducted, and if not, to conduct such further review as may be necessary. *See United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002). [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

**No. 11–0166/AF. U.S. v. Harley T. Lusk. CCA S31624.** Review granted on the following issues:

I. WHETHER THE AFCCA ERRED WHEN IT HELD THAT THE ADMISSION OF THE AFDTL COVER MEMORANDUM WAS HARMLESS AND THE ADMISSION OF THE DD FORM 2624 WAS NOT PLAIN ERROR.

II. WHETHER THE PLAIN ERROR ANALYSIS OF THE CHAIN OF CUSTODY DOCUMENTS IN *UNITED STATES v. SWEENEY,* 70 M.J. 296 (C.A.A.F. 2011) IS INAPPLICABLE IN THE PRESENT CASE BECAUSE THE JUDGE DIRECTLY INSTRUCTED THE MEMBERS THAT THEY MUST FIND THE SAMPLE TESTED CAME FROM APPELLANT BEFORE THEY COULD CONVICT HIM AND THE ONLY EVIDENCE PROVING THAT FACT WAS THE CERTIFICATIONS OF ANALYSTS WHO DID NOT TESTIFY AT TRIAL BUT KNEW THEY WERE ASSISTING THE GOVERNMENT WITH THE COLLECTION OF EVIDENCE.

III. WHETHER THE AFCCA ERRED WHEN IT HELD THAT THE PROBATIVE VALUE OF THE AFIP TEST SUBSTANTIALLY OUTWEIGHED ITS PREJUDICIAL EFFECT AND THAT ITS ADMISSION WITHOUT LIMITATION WAS HARMLESS ERROR.

No briefs will be filed under Rule 25.